WILLIAM J. BITTLES COMPANY, INCORPORATED, A CORPORATION, PLAINTIFF-RESPONDENT, v. PELLEGRINO REALTY COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the plaintiff-respondent, *Blanchard & Carey.*

For the defendant-appellant, *George Gold* (*Feder & Rinzler,* of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Supreme Court in an action tried at the Essex Circuit before Judge Smith, Circuit Court judge, and a jury. At the close of the case the trial judge directed a verdict in favor of the plaintiff for $3,899.40.

The suit was brought for the amount claimed to be due on a certain promissory note for the principal sum of $3,600, dated September 13th, 1929, and payable three months after date. The note was made by the Pellegrino Realty Company, the defendant below, and was payable to the order of Electric Refrigerator, Incorporated, and William J. Bittles Company. The note was endorsed by the Electric Refrigerator, Incorporated, and became the sole property of William J. Bittles Company. It appears from the evidence that the note was given to pay the balance due from the Pellegrino Realty Company for the installation of certain refrigeration installed in an apartment house owned by the said realty company. The evidence disclosed the following situation: The Pellegrino Realty Company was erecting an apartment house. A man named Albanese, who controlled the Electric Refrigerator, Incorporated, desired to make a contract for the installation of the refrigeration and because he did not have sufficient funds with which to finance this installation he conferred with the William J. Bittles Company relative to same. The William J. Bittles Company was the distributor of electric refrigerators and Albanese at the time was acting

as agent of the Bittles company for the sale of its refrigerators. It appears that an agreement was reached between the Bittles company and the said Albanese whereby the Bittles company was to furnish the necessary equipment and make the installation. Thereupon Albanese, through the Electric Refrigerator Company, which he controlled, entered into a contract with the Pellegrino Realty Company on June 14th, 1929, to install the refrigeration in the apartment house for the sum of $4,162, whereby it was agreed among other things that the refrigerator system should be kept in good working order for the period of one year after the date of the completion of the work. At the time the refrigeration equipment was ready for delivery by the Bittles company to the Electric Refrigerator Company, the Electric Refrigerator Company did not have the necessary funds with which to pay the Bittles company and the Bittles company thereupon accepted the note of the Electric Refrigerator Company for $3,651.67. The note was renewed a number of times and remained unpaid. During this time the refrigerating plant had been installed and the Bittles company insisted that the Electric Refrigerator Company obtain payment from the owner of the property in which the refrigeration was installed, that is from the Pellegrino Realty Company. After a conference the note in question in this suit was given. At the time the note was given it appears that the refrigeration system was not working properly and the Pellegrino Realty Company at the time it gave the note in question obtained from the Electric Refrigerator Company an agreement guaranteeing the proper working of the system, which guarantee was quite similar to that contained in the contract of June 24th, 1929, except that it ran for a period of one year from September 13th, 1929. This guarantee was to the effect that the refrigerator company would, at its own expense and for a period of one year, keep the equipment in working order. When the note in question became due it was not paid and this suit was brought.

At the trial the contention of the defendant was that the note was not taken by the Bittles company in due course,

but in fact was taken with notice that it was given only upon the condition that the refrigeration system should be put in good order and maintained in working order according to the guarantee. At the time the note was given to the payees, the Electric Refrigerator Company and the William J. Bittles Company, it was evident that the Pellegrino Realty Company did not consider that it could hold the Bittles company under the guarantee but only the Electric Refrigerator Company.

The sole ground for reversal urged by the appellant, the Pellegrino Realty Company, is that the court erred in directing a verdict when in fact there were sufficient facts in the case which should have been submitted to the jury for its determination.

We are of the opinion that this is not so and that the trial judge properly directed a verdict in favor of the plaintiff and against the defendant for the amount due on the note in question. The Bittles company owed no duty to the defendant to see that the refrigerating plant was put in proper condition.

There is no evidence that the note was given upon the condition that the Bittles company should guarantee the proper working of the refrigerating system for the period of one year. It may be that the Pellegrino Realty Company refused to give the note until the Electric Refrigerator, Incorporated, had entered into an agreement guaranteeing the proper working of the refrigeration plant for a period of one year from September 13th, 1929. The Bittles company had made no contract with the defendant or guaranteed to the defendant the proper working of the refrigerating plant. Even though the Bittles company knew of the new guarantee it had no notice that such guarantee might in any way effect the consideration of the note before or at the time the note became the property of the Bittles company.

The judgment below is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.